*1250 OPINION.
Murdock:
Our' problem in this case is to determine, if possible, the actual cash value of the contract and the lease which accompanied it at the time paid in for stock of the petitioner on February 15,1912, and to do this from the evidence presented in the case. The Commissioner determined that this value was $30,000 because preferred stock of that par value was issued for the contract and lease at a time when the stock was selling for cash at par. He refused to give any added value to the lease because the $150,000 par value of common stock also issued for the contract and lease was not shown to have had any value. The petitioner contends that the contract and lease had a value of $180,000, the par value of the preferred and common stock issued to Ball.
We have the testimony of a number of witnesses who in 1912 were experienced in the business of manufacturing ice for use in icing refrigerator cars and for sale in bulk to railroads under contracts similar to that assigned to the petitioner. From them we learn that it was possible to estimate with a reasonable degree of accuracy, the probable profits from such a contract based upon past experience and with regard to probable future events as then reasonably foreseen. They were agreed that the railroad would probably take more ice than the minimum of 15,000 tons each year, and that more than half of this ice would be placed in the bunkers of refrigerator cars and less than half would be in car loads. They were not entirely in agreement as to the cost of a plant capable of furnishing the ice required under the contract nor as to the cost of producing 15,000 tons of ice, although we are satisfied that it was reasonable to suppose that this cost would be between $21,787.33, the amount estimated by Ball and his able assistant, and $24,000. They also testified that there was not a great risk to the contractor in such an undertaking as this, and that to a great extent it could offset possible increases in the cost of various elements. Ball had made an extensive investigation of the situation at the time he assigned the contract.
In our opinion, Ball and his asssistant failed to take into consideration certain minor elements of cost and of risk, and also their cost and expense figures were in some cases lower than those testified to by other disinterested witnesses, although their labor estimates were generous in the opinion of other witnesses. The evidence does not show satisfactorily to what extent the ice the railroad would take would probably exceed the minimum of 15,000 tons, therefore, we can not assume the amount would greatly exceed this minimum.
*1251 After careful consideration of all of the evidence, we believe that the petitioner has not shown that the contract and lease had an actual cash value in excess of $150,000 and we hold that the actual cash v-alue of the contract and lease was $150,000 on February 15, 1912, at the time paid in for stock or shares of the petitioner.
. Reviewed by the Board.

Judgment will be entered under Rule 50.

SMITH did not participate.